Kristin A. Schuler-Hintz, Esq., Nevada SBN 7171
Seth J. Adams, Esq., Nevada SBN 11034
Christopher K. Lezak, Esq., Nevada SBN 11185
McCarthy & Holthus, LLP
811 South Sixth Street
Las Vegas, NV 89101
Phone (702) 685-0329 ext 3748
Fax (866) 339-5691
NVBK@mccarthyholthus.com

E-filed: 5/12/2010

Attorney for Secured Creditor,
US Bank National Association as Trustee, its assignees and/or successors and the servicing agent WELLS FARGO BANK

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No. 09-31596-LBR |
| | ) |
| Walter L. Carrasco, | ) Chapter 13 |
| | ) |
| Debtor. | ) **OPPOSITION TO MOTION TO VACATE** |
| | ) **ORDER VACATING THE AUTOMATIC** |
| | ) **STAY** |
| | ) |
| | ) HEARING: |
| | ) DATE:    05/14/10 |
| | ) TIME:    10:30 a.m. |
| | ) CTRM:   1 |
| | ) PLACE:  300 Las Vegas Boulevard South |
| | )              Las Vegas, NV 89101 |
| | ) |

**OPPOSITION TO DEBTORS' MOTION TO
<u>VACATE ORDER VACATING AUTOMATIC STAY</u>**

U.S. Bank National Association, as Trustee, and the servicing agent WELLS FARGO BANK, ("Secured Creditor"), by and through their counsel, Christopher K. Lezak, of McCarthy & Holthus, LLP, hereby file the within Opposition to Debtor's Motion, and in support of the Opposition, state as follows:

**FACTS**

1. On April 12, 2010, the Court entered an Order vacating the automatic stay on the real property commonly known as 3779 Kingfisher Way, Las Vegas, NV 89103, as to Secured Creditor. Pursuant to its terms, the Order was to take effect "Seven (7) days after the filing of written documentation of the denial of debtor's loan modification application with this Court." A true and correct copy of the Order is attached hereto as **Exhibit "A"**.

2. On April 26, 2010, Secured Creditor filed a Declaration erroneously stating that the modification had been denied post-petition, and attaching the denial letter from an earlier modification attempt.

3. On or about May 7, 2010, counsel for Secured Creditor, Christopher Lezak, Esq., received a courtesy call from Debtor's counsel's office regarding Debtor's intention to file the instant motion. Mr. Lezak attempted to resolve the situation over the telephone, but the person making the call was not familiar with the file and did not know the grounds for the motion.

4. Upon reviewing the Order and Declaration, it was apparent that the denial letter was submitted in error and Secured Creditor immediately filed a withdrawal of the Declaration. The withdrawal was entered on May 7, 2010, as docket number 67.

5. Thereafter, on May 7, 2010, Mr. Lezak immediately requested that Secured Creditor halt all sale activity. Secured Creditor had already referred the matter to the foreclosure trustee, but is currently in the process of cancelling any sale, pending a resolution of this matter.

6. In his motion, the Debtor contends that a Notice of Sale was recorded against the Property on May 6, 2010. However, according to the Clark County Recorder's website, the existing Notice of Sale was actually recorded on May 6, 2009 (in the name of a co-debtor, Gleason). A true and correct copy of the Recorder's "docket" is attached hereto as **Exhibit "B"**.

7. Mr. Lezak also contacted Secured Creditor regarding the status of the current loan modification and was advised that no new document packet has been received in spite of a May 5, 2010, request. A direct fax number was provided to the Debtor at that time. Mr. Lezak was further advised that Secured Creditor cannot or process a formal denial letter (or review the merits) in a case where the application is never received.

8. In order to process the modification request, the Debtor must send the following information via facsimile to (866) 359-5154:

    a. Letter of attorney consent, allowing Secured Creditor to communicate with the Debtor;
    b. Completed financial worksheet, which is attached hereto as **Exhibit "C"**;
    c. Proof of all income; and
    d. Hardship letter.

## **ARGUMENT**

FRCP 60(b), as applied by FRBP 9024, states in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . mistake, inadvertence, surprise, or excusable neglect.

Here, the Debtor contends that the Debtor has a pending loan modification application with Secured Creditor, and that Secured Creditor is acting in bad faith in not processing the application. The Debtor does not allege mistake, inadvertence, surprise or excusable neglect, which are the grounds available under Rule 60(b).

Secured Creditor acknowledges that it erred in filing the Declaration in support of the Order, stating that the current loan modification attempt had been denied. In fact, Secured Creditor corrected that error by withdrawing the Declaration that same day. Accordingly, the Order, which is valid, has been restored to the status quo. Provided that no sale occurs prior to a final review of the loan modification, which Secured Creditor is currently ensuring, the Debtor is not harmed by the existence of the Order on its original terms.

Finally, Secured Creditor is under an obligation to consider a loan application carefully, but is not required to grant every application. Secured Creditor does intend to timely and duly review the Debtor's application, upon receipt. Accordingly, Secured Creditor hereby requests that the Debtor be directed to complete and return the materials requested in **Exhibit "C"** within 10 days, thereby facilitating a resolution for both parties.

///

///

///

## **CONCLUSION**

WHEREFORE, for the above reasons, Secured Creditor respectfully requests that Debtors' Motion to Vacate be denied in its entirety, and that Debtor be instructed to comply with Secured Creditor's document request.

Dated: May 12, 2010                    McCarthy & Holthus, LLP

                                       By: /s/ Christopher K. Lezak
                                           Christopher K. Lezak, Esq.